BALL *et al. v.* HUMPHREY *et al.*

Proceedings in reference to a county road were taken by appeal to the district court, where appellees moved to dismiss the appeal on the ground that application for damages were not made within the time required by law, and because the district court has no jurisdiction over the question of damages; held, that as the county judge had acted upon the question of damages without objection, the appeal should not be dismissed.

The location of a road, where it does affect the rights and interests of individuals as distinguished from the public, is not subject of appeal to, and cannot be reviewed by a jury in the district court, but when it involves a question of damages to the land of an individual, that question may be taken to the district court, and all questions affecting the public only, should be referred back to the county court.

Costs accruing in the district court, should be determined by that court, and should not be referred to the county court.

*Appeal from Jefferson District Court.*

*Opinion by* HALL, J.   This was an appeal by Ball and others, from proceedings had before the county judge, in establishing a county road, and in the assessment of damages. Humphrey and others petitioned for the road, and Ball and others resisted the establishment, and claimed damages, for reason that the road passed over lands owned by them. The proceedings before the county judge appear to have been regular, up to the time of the assessment of damages, and final establishment of the road, at which time the county court ordered the establishment of the road, upon the condition that the petitioners paid the damages assessed, to the claimants, and the costs.   From this decision, Smith Ball and others, to whom damages had been awarded, by the county court, appealed to the district court.   On the trial in the district court, the court submitted to the jury the question of damages sustained by each of the appellants

severally, and refused to submit to the jury, or entertain the question, as to the necessity or convenience of the road for the traveling public.

The appellees moved to dismiss the appeal, because the appellants had not made the application for damages within the time required by law, and because the district court had no jurisdiction over that question, which motion was over-ruled, and exceptions taken. The appellants except to the ruling of the court, refusing to try the question in relation to the establishing of the road. The district court, after assessing damages, refer the whole matter back to the county court, and make no order in relation to the costs that had accrued in that court, but send it to the county court for dis-position.

Both parties now appeal to this court. Ball and others assign for error, the refusal of the court below to hear and determine the question, as to the propriety of establishing the road, and the refusal of the court to render a judgment for the costs that arose in the district court, on the appeal. Humphrey and others assign for error, the refusal of the court to dismiss the appeal, and for assessing damages.

We think there is no ground in the objection that the applicants did not petition the county court for damages in time. The county court decided that question, and acted upon the case, and no objection was raised before that court, or appeal taken from the decision, in that respect.

The propriety or impropriety, of establishing a public road, is purely a question for the public. No one person can have an interest in that question, as contradistinguished from all. True, some persons may use the road more than others, but all are equally interested in its establishment. The private citizen, whose land is taken for the road, has no interest as distinguished from the public; for that purpose, he is a part of the public, and his interest is one in common with all. He is to be paid a just compensation for the land thus taken for the public use. When he has received that

compensation, or an equivalent for the land taken, he stands in the same relation to the road as the citizen does whose lands have not been taken. His interests, as distinguished from the public, have been extinguished by the payment for the land taken. § 131 of the Code provides for "appeals from the decrees, orders and decisions of the county court, of any matter affecting the rights or interests of individuals, as distinguished from the public." It follows, then, that the locating and establishing of the road cannot be reviewed by an appeal to the district court, and that the court was right in its decision, refusing to submit that question to the jury. The question for damages, for taking the land for the road, is clearly one. When the right of the individual becomes adverse to the public, one must pay and the other must be be paid, and the question is how much the one must pay and the other receive?

The interest of the individual is distinguished from that of the public as clearly as can well be conceived. They are emphatically antipodes to each other. From the decission of the county court, upon this question, then, an appeal is allowed, and the court below was right, in submitting that issue to the jury.

We see no objection to the district court's returning the result of the appeal to the county court, for its further action; indeed, we consider this as the proper course, inasmuch as the law contemplates the county court shall keep the archives, and have the control of all matters pertaining to roads.

The district court should have disposed of the costs made in its own court. That cannot be committed to the county court. That court has no power to decide who has to pay them, or provide in any way for their collection or liquidation.

The decision of the district court, ordering the county court to take into consideration the costs, which accrued in the district court, on the appeal, will be reversed, and the case remanded, with directions to the district court, to

proceed to enter judgment for the costs in accordance with the rights of the parties.

Judgment reversed.

*Slagle* and *Acheson*, for appellants.

*Charles Negus*, for appellees.