## LIPPENCOTT v. ALLANDER *et al.*

1. **Appeal:** FROM DECISION OF SUPERVISORS GRANTING FERRY LICENSE. The granting or the refusal to grant, a ferry license, by the board of supervisors, is not a decision upon a "matter affecting the rights or interest of individuals as distinguished from the public," from which an appeal lies to the District Court, under section 267 of the Revision.

2. —— WHERE APPLICANT IS KEEPER OF PREVIOUS FERRY. And the case is not varied by the fact that the applicant to whom the granting of the license is refused, was the keeper of a previous ferry at the same point.

*Appeal from Van Buren District Court.*

WEDNESDAY, JANUARY 22.

W. A. LIPPINCOTT and A. J. Kerr, respectively made application to the board of supervisors of Van Buren county for license to keep a ferry across the Des Moines river, at Bentonsport. Lippencott, at the time of making his application, and when final action was had thereon, held a license, then about to expire, and was operating a ferry at that point. At the September Term, 1866, the board granted the license to Kerr. Lippencott appealed from this action of the board to the District Court. In the District Court, Kerr, appearing as defendant, moved to dismiss the appeal, on the ground that no appeal lies in such cases. The motion was sustained and the appeal dismissed. Lippencott appealed to this court. Pending the appeal here, Kerr died, and his executors, G. C. Allander and —— Kerr, were substituted as appellees.

*Strong & Craig* for the appellant.

*Francis Semple* for the appellees.

· Beck, J. — It is claimed by appellant that, under section 267 of the Revision, an appeal is allowed in this case to the District Court from the action of the board of supervisors in refusing to grant the license to him and in granting it to Kerr. It has been held by this court that appeals, in proper cases, are allowed from the action of the board of supervisors under this section, which is made applicable to that body by section 330 of the Revision. *Umbarger* v. *Bean et al.*, 15 Iowa, 256; *Prosser* v. *Wapello Co.*, 18 Id. 330; *Garber* v. *Clayton Co.*, 19 Id. 29.

The question then to be determined is this, viz.: Is the granting, or the refusal to grant, a ferry license by the board of supervisors a decision upon a " matter affecting the rights or interest of individuals as distinguished from the public," from which an appeal lies under section 267 ?

A ferry is of public interest. Some individuals may have a greater interest in it than others, as its benefits may be greater to some than to others. The same thing, however, is true of all matters that affect or interest the public, and cannot destroy their public character and require them to be regarded as private affairs. Roads and ferries, so far as the public interests are concerned, are of the same character. It has been held by this court that an order of a County Court establishing a road is not a decision so affecting the rights of individuals as to authorize an appeal, under section 267, by those aggrieved thereby. *Ball* v. *Humphrey*, 4 Greene, 204; *Myers* v. *Simms*, 4 Iowa, 500; *McCune* v. *Swafford*, 5 Id. 552.

The object of the law, in providing for ferry licenses, is the public good, by securing safe and regular means to the public for crossing water-courses, and not to promote the private interest of those to whom the licenses may be granted. Hence, when there are conflicting applicants for the franchise, the supervisors must determine which

one will most probably best serve the public, and grant the license accordingly. The applicant, before the license is granted, has no right to the franchise. If it be refused him, surely it cannot be claimed that he acquires thereby a right or interest which he did not before possess.

It is claimed, inasmuch as section 1203 of the Revision provides, that in granting licenses, preference must be given to the keeper of a previous ferry at the same point, that the plaintiff, having been the keeper of such ferry, has an interest and right in the matter that will bring the case under the provisions of section 267. If such were the fact, the law would protect him in his right, whatever manner of person he may be, for the law makes no distinction of persons, and secures and maintains the rights of all whatever may be their characters or qualities. But the same section (1203) provides, that if, in the opinion of the supervisors, the keeper of the previous ferry is an improper person to receive the same, the license may be given to another. We conclude, therefore, that the keeper has no right to the renewal of his franchise, and that this section is simply directory, pointing him out as the one better prepared to serve the public than others, but directing also, that if, in the opinion of the supervisors, he is an improper person to be intrusted with the franchise, it may be conferred on any other proper applicant.

We conclude that no appeal is allowed from the action of the supervisors in such cases.

Affirmed.