LIPPENCOTT *et al.* v. ALLANDER *et al.*

Appeal: FROM DECISION OF SUPERVISORS REVOKING FERRY LICENSE. The revocation of a ferry license by the board of supervisors, is a decision upon a matter affecting the rights of an individual as distinguished from the public, from which an appeal lies to the District Court, under section 267 of the Revision. The case of *Lippencott* v. *Allander* (23 Iowa, 536), distinguished from the present one.

*Appeal from Van Buren District Court.*

THURSDAY, JULY 12.

THE plaintiff and others, citizens of Van Buren county, petitioned the board of supervisors to revoke a license to keep a ferry across the Des Moines river, theretofore granted by the board, to A. J. Kerr, now deceased. Notice of the presentation of the petition was given to defendants, and the grounds upon which the revocation was asked were stated in writing. Issue thereon was taken by defendants, and at the hearing, the board of supervisors revoked the license. The defendants appealed to the District Court, where, on motion of plaintiffs the appeal was dismissed on the ground that no appeal is allowed by law in such case. The defendants excepted and now appeal to this court.

*F. Semple* for the appellants.

*J. C. Knapp* and *Bertrand Jones* for the appellees.

COLE, J.— The only question presented for our determination in this case is, whether a party whose ferry

license has been revoked by an order of the board of supervisors, has the right of appeal from such order. That an appeal lies from the board of supervisors to the District Court, has been several times decided. See *Umbarger* v. *Bean et al.*, 15 Iowa, 256 ; *Garber* v. *Clayton County*, 19 id. 29 ; *Prosser* v. *Wapello County*, 18 id. 327. Of course, the matter determined by the board of supervisors must affect the rights of individuals in order to entitle a party to appeal. We have decided, that in matters affecting the public, as distinguished from individuals, such as the awarding of a ferry license to one of two or more applicants therefor, the order of the board of supervisors could not be appealed from. *Lippencott* v. *Allander*, 23 Iowa, 536. The reason for denying the appeal was, that there was no individual *right* involved.

But the difference between deciding which of two or more persons applying therefor shall have a gratuitous grant of a ferry franchise, and the taking away or revoking that franchise after it has become a vested right in the grantee, is too manifest to require argument to demonstrate. In the one case, the party is an unsuccessful applicant for a franchise, and fails to acquire any vested right or interest in it ; in the other, he has secured the franchise and it has become his property, and the order revoking it takes from him his property, and that property, too, which he may voluntarily sell, or which may be sold under execution as real property. Rev. §§ 1240, 1243.

Our statute provides for an appeal to the people from a decision of the board of supervisors in refusing or granting a license, and provides for the manner of submitting the appeal to the vote of the people. Rev. § 1227 *et seq.* This may be a very proper tribunal to appeal to, for determining who or which of the applicants shall receive a franchise from the public, to be used for the accommodation of the public, though for his individual profit.

But after such franchise has been granted, the right of the licensee therein vested in him, and he has expended his money or labor in preparing for the use and enjoyment of the franchise for the convenience of the people and his own advantage, then the revocation of the license operates to deprive him of his property. This cannot be done without due process of law. Whether he has done acts which forfeit his franchise is a matter for judicial determination, and not a matter of discretion simply, in any tribunal, nor of popular will.

Our statute also provides, that an appeal is allowed from all decisions of the board of supervisors on the merits of any matter affecting the rights or interests of individuals as distinguished from the public. Rev. §§ 267 and 312. Under this statute the plaintiff had the right to an appeal. The decision of the board of supervisors affected his rights and interests as distinguished from the public. The District Court erred in dismissing the appeal.

Reversed.